1  DAVID A. STEINBERG (SBN 130593)
     das@msk.com
2  GABRIELLA A. NOURAFCHAN (SBN 301594)
     gan@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA  90067-3120
   Telephone:  (310) 312-2000
5  Facsimile:   (310) 312-3100

6  Attorneys for Plaintiff
   Wixen Music Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIXEN MUSIC PUBLISHING, INC., a California corporation,<br><br>             Plaintiff,<br><br>       v.<br><br>PANDORA MEDIA, INC., a Delaware corporation; PANDORA MEDIA, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>             Defendants. | CASE NO. 2:19-cv-5278<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Demand For Jury Trial** |

Plaintiff Wixen Music Publishing, Inc. ("Plaintiff" or "Wixen"), by its undersigned attorneys, for its complaint against Defendants Pandora Media, Inc. ("Pandora Inc.") and Pandora Media, LLC ("Pandora LLC") (collectively, "Pandora"), avers as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Pandora to obtain redress for the massive and continuing unauthorized commercial exploitation by Pandora of the lyrics to the musical compositions listed in the attached Schedule A (collectively, the "Musical Compositions"). Plaintiff fully expects that there are numerous additional musical compositions whose lyrics are being or have been exploited by Pandora without authorization from Plaintiff, and has asked Pandora to identify the musical compositions whose lyrics are being or have been displayed or otherwise exploited. As of the date of this filing, Pandora has not provided such information. Plaintiff intends to amend this Complaint after such information is disclosed in discovery.

2. Plaintiff is an independent music publisher and exclusive licensee of the Musical Compositions, all of which have been registered with the United States Copyright Office. Plaintiff's catalog of copyrighted musical compositions is extremely valuable and encompasses works composed or famously performed by a wide array of legendary songwriters and artists, including both contemporary hits and influential standards.

3. Pandora has developed an Internet digital music service designed to deliver uninterrupted, high-quality digital music transmission (often referred to as a "stream") that Pandora ensures each user can precisely tailor and customize based on his or her music preferences. Pandora also offers paid subscription options whereby users can create interactive playlists and download them for offline listening. Pandora provides music to its users in a variety of ways, including via its

website (www.pandora.com), smartphones and tablets (through its downloadable app), apps pre-installed on "smart" TVs, Internet-enabled stereo receivers, and DVD and Blu-Ray players. Pandora touts itself as the "#1 US Music Streaming Service," with over 120 million users of its service.

4. Pandora has built its business in large part on unauthorized uses of the Musical Compositions by displaying the lyrics to the Musical Compositions on its service, including on its website and app. However, Pandora does not have any valid license or other authorization to display any of the Musical Compositions in this manner. Nonetheless, Pandora has displayed and continues to display the lyrics to the Musical Compositions without any valid license or authorization from Plaintiff, even after receiving notice of the infringement from Plaintiff's representatives in early 2018.

5. Pandora may claim that it had obtained licenses to display the lyrics to the Musical Compositions from one or more sources, including an entity called LyricFind, the self-proclaimed "largest lyric licensing service" in the world, which claims that it "has licensing from over 4,000 music publishers, including all majors." However, as Pandora knows, and has known, LyricFind did not have the authority to grant licenses to Pandora for the display of any of the lyrics to the Musical Compositions on its service.

6. Pandora has profited and continues to profit immensely from its unauthorized display of the lyrics to the Musical Compositions, including from the subscription fees paid by its users for the ability to listen to the Musical Compositions and view the corresponding lyrics, and also from advertising revenue, including for advertisements that are played or displayed in connection with the display of the lyrics to the Musical Compositions.

7. Pandora is surely aware that its conduct constitutes copyright infringement. Pandora is a sophisticated entity that derives significant income

from the exploitation of musical works.  As such, Pandora knows that musical compositions – including their lyrics – cannot be copied, distributed, sold, or displayed, without a license.  Additionally, Plaintiff's representatives put Pandora on actual notice of its infringing conduct in early 2018, yet Pandora did not even attempt to address its infringing conduct until May 2019, when it first purported to cease displaying some of the lyrics to the Musical Compositions on its service.

8. Pandora's infringement is therefore willful and deliberate.  Its conduct has caused and continues to cause substantial, manifest, and irreparable harm to Plaintiff, while enriching Pandora at Plaintiff's expense and to the detriment of the copyrighted musical compositions controlled by Plaintiff.  By this lawsuit, Plaintiff seeks to bring Pandora's conduct to a stop and to obtain compensation for the harm Pandora has caused and continues to cause Plaintiff and to the owners of the copyright interests in and to the musical compositions controlled by Plaintiff.

## THE PARTIES

9. Plaintiff is a California corporation with its principal place of business at 24025 Park Sorrento, Suite 130, Calabasas, California 91302.  Plaintiff has standing to bring this action for copyright infringement as the exclusive licensee of the Musical Compositions identified in the attached Schedule A and incorporated herein by reference.  Plaintiff possesses the exclusive rights, among other things, to sign agreements, collect royalties, receive monies, issue licenses, pay royalties, register copyrights, and otherwise interact and assert rights on behalf of each songwriter with or against publishing companies, performing and/or mechanical rights societies, and companies such as Pandora.  Plaintiff's exclusive administration rights are explicitly and irrevocably coupled with an interest in and to the musical compositions that it administers.

10. Pandora Inc. is and/or was a Delaware corporation with a principal place of business at 2100 Franklin Street, Suite 700, Oakland, California 94612.

Upon information and belief, Pandora Inc. may have been converted into Pandora LLC on or about May 21, 2019.

11. Pandora LLC is a Delaware limited liability company with a principal place of business at 2100 Franklin Street, Suite 700, Oakland, California 94612. According to its website, Pandora LLC maintains another corporate office in California, located at 3000 Ocean Park Boulevard, Suite 3050, Santa Monica, California 90405.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff, which sued said defendants by such fictitious names (the "Doe Defendants"). If necessary, Plaintiff will seek leave to amend this Complaint to state their true names and capacities. Plaintiff is informed and believes, and on that basis avers, that the Doe Defendants are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth (all of the Defendants, including the Doe Defendants, collectively are referred to as "Defendants").

13. Plaintiff is informed and believes, and on that basis avers, that at all times mentioned in this Complaint, each of the Defendants acted in concert with each other, and was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and, in doing the things averred in this Complaint, was at all times acting within the course and scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conducts alleged with full knowledge of all the facts and circumstances.

## JURISDICTION AND VENUE

14. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

15. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

16. This Court has personal jurisdiction over Pandora because Pandora has continuous and systematic contacts within the Central District of California, which include, without limitation:

    a. Upon information and belief, until on or about May 21, 2019, Pandora Inc. was qualified to do business in California and was registered as a foreign corporation with the California Secretary of State.

    b. Pandora LLC is qualified to do business in California and is registered as a foreign limited liability company with the California Secretary of State.

    c. Pandora LLC maintains a strong presence in California, including offices in Oakland, California and Santa Monica, California, where it employs California residents.

    d. Pandora LLC's designated DMCA Copyright Agent identified in the "Intellectual Property Policy" on its website is located in California at 2100 Franklin Street, 7th Floor, Oakland, California 94612.

    e. Pandora Inc. has previously admitted in other federal filings that it regularly conducts business in California. *See, e.g., Yuncker, et al. v. Pandora Media, Inc.*, Case No. 4:11-CV-03113-JSW (N.D. Cal.), Dkt. 102 (Pandora Inc.'s Answer) at ¶¶ 5-6 ("Pandora admits that it does business in the state of California … Pandora admits that it regularly transacts business in the Northern District of California.").

    f. Pandora actively and intentionally does business in California, as evidenced by its (i) subscribers and users in California, which Pandora actively reaches out to through, at a minimum, its website (www.pandora.com); (ii) contracts and other transactions that it has entered in California; (iii) revenue

6
**COMPLAINT**

generated from California residents and businesses in connection with its service; and (iv) advertisements that target California residents, including those in Los Angeles.

   g. Pandora has purposefully availed itself of California law and could and did reasonably anticipate being brought into this Court because, among other reasons, Pandora (i) has been engaged and is engaged in infringing conduct within the State of California and this District, including by knowingly, intentionally, and repeatedly displaying the lyrics to the Musical Compositions over the Internet to California residents via its services; (ii) knew or should have known that the harm caused by its repeated unlicensed uses of lyrics to the Musical Compositions over the Internet was aimed at songwriters and music publishers, including Plaintiff and the songwriters it represents, who control compositions and reside in or near Los Angeles County, California, a global hub of the music industry; and (iii) knew or should have known that Plaintiff, an industry leading music publisher for over 40 years, would suffer, and in fact did suffer, the brunt of the harm caused by Pandora's unauthorized acts at Plaintiff's principal place of business in Calabasas, Los Angeles County, California.

17. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Pandora conducts business in this District, including for example, by the maintenance of Pandora LLC's corporate office in Santa Monica, California, and, upon information and belief, a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Plaintiff has its principal place of business in this District and has been injured in this District as a result of Pandora's infringing conduct.

18. This case is properly filed in the Western Division, as a substantial part of events giving rise to this case occurred in the Western Division.

# FACTS APPLICABLE TO ALL CLAIMS

19. Plaintiff is an independent music publisher that was formed in 1978 by Randall Wixen. Plaintiff administers more than 75,000 songs written and/or owned by its more than 2,000 clients, including songs by some of the most popular and acclaimed musical artists of the last 100 years.

20. Plaintiff is the exclusive licensee of thousands of musical compositions, including the Musical Compositions. Plaintiff administers these compositions for its clients, with the goal of enhancing the value of the compositions through licensing while simultaneously preserving their integrity. Plaintiff has the exclusive right to conduct all administration activities with respect to these musical compositions, including registering them with performing rights organizations, filing copyright applications with the United States Copyright Office, negotiating and issuing licenses (including mechanical and synchronization licenses), collecting royalties, and filing lawsuits for copyright infringement. Plaintiff's exclusive administration rights are explicitly and irrevocably coupled with an interest in and to the musical compositions that it administers.

21. Pandora owns and operates the Pandora digital music service, through which it provides paying and non-paying members of the public, in California and elsewhere, interactive music streaming and/or downloading via a free ad-supported option and various paid, ad-free options (collectively, the "Service"). Pandora makes music available to its users in a variety of ways, including via its website (www.pandora.com), smartphones and tablets (through its downloadable app), and apps pre-installed on "smart" TVs, Internet-enabled stereo receivers, DVD and Blu-Ray players.

22. Pandora offers various "tiers" of membership to its users. The standard membership option is a free, ad-supported radio, whereby users may select a pre-existing music "station" based on a particular recording artist, song, or

genre of music. To generate revenue from these free accounts, Pandora delivers audio advertisements to its users in between songs and displays visual ads while music is playing. According to Pandora, approximately 13 billion stations have been created on its Service.

23. Pandora also offers various paid membership options to consumers. For a monthly fee of $4.99, consumers can obtain a "Pandora Plus" account, which is advertising-free and permits users to access up to four Pandora stations offline at a time. Pandora also offers a "Pandora Premium" membership for $9.99 a month, which, in addition to being advertising-free, permits users to search for and play any song and create personalized playlists which can be streamed or downloaded for offline listening.

24. In addition to making musical works available for streaming and/or downloading, Pandora also displays the lyrics to many of these works on its Service, including the lyrics to the Musical Compositions. Upon information and belief, the lyrics are available to all Pandora users, including both free listeners and paid subscribers.

25. In order to display the lyrics to the Musical Compositions on its Service, Pandora was required to obtain a license from Plaintiff, the exclusive licensee of the Musical Compositions, or from an authorized licensee who had obtained the right from Plaintiff to sublicense the right to display the lyrics to the Musical Compositions. However, Pandora failed to obtain a valid license to display the lyrics on its Service.

26. Pandora may claim to have obtained licenses to display the lyrics to the Musical Compositions from one or more sources, including an entity called LyricFind. However, as Pandora knows, and has known, LyricFind did not have the authority to grant licenses to Pandora for the use of any of the lyrics to the

Musical Compositions.  Accordingly, through this conduct, Pandora has infringed, and continues to infringe, Plaintiffs' rights in and to the Musical Compositions.

27. Pandora was surely aware that its conduct constituted copyright infringement.  Pandora is a sophisticated entity that derives significant income from the exploitation of the content it distributes and touts itself as the "#1 US Music Streaming Service."  Pandora obviously knew that the lyrics to the Musical Compositions could not be copied, distributed, sold, displayed, or otherwise exploited without a valid license.

28. Moreover, at a minimum, Pandora has been on notice of its unauthorized uses of the lyrics to the Musical Compositions since at least January 10, 2018, when Plaintiff expressly notified executives from Pandora at an in person meeting that Pandora's many uses of the lyrics to the Musical Compositions were unauthorized.  Nonetheless, the lyrics to the Musical Compositions continue to be displayed by Pandora through the Service on an ongoing and regular basis, without authorization and without compensation to Plaintiff.

29. Plaintiff's initial investigation into the scope of this infringement indicates that its rights in numerous compositions that it administers have been infringed by Pandora.  And upon information and belief, the lyrics to the Musical Compositions exclusively licensed to Plaintiff have been viewed by users of its Service millions of times throughout the United States, including in California.

30. Plaintiff is continuing its investigation into the scope of Pandora's infringement.  Plaintiff is informed and believes, and on that basis avers, that further investigation will reveal that the lyrics to many more compositions controlled by Plaintiff have been and/or are being unlawfully exploited by Pandora.  Plaintiff has requested that Pandora produce a comprehensive list of compositions whose lyrics were or are being displayed on its Service and a

corresponding list of compositions purportedly licensed, but Pandora has not complied as of the date of this filing.  Plaintiff expressly reserves the right to amend this Complaint to assert additional claims for infringement of its compositions as it uncovers such infringement during the course of discovery in this action.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

31. Plaintiff incorporates by this reference each and every averment contained in paragraphs 1 through 30, inclusive.

32. The copyrights to the Musical Compositions have been registered with the United States Copyright Office.

33. Plaintiff is the exclusive licensee of the copyrights in the Musical Compositions.  Accordingly, Plaintiff has the exclusive rights, among others, to reproduce, distribute, publicly perform, and display the Musical Compositions, including the lyrics thereto, as well as the right to authorize others to exercise any of these rights.

34. Pandora has infringed Plaintiff's copyright interests in the Musical Compositions by reproducing, distributing, and/or displaying the lyrics to the Musical Compositions on its Service without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

35. Each such infringement by Pandora of the Musical Compositions constitutes a separate and distinct act of infringement.

36. Pandora's acts of infringement are willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff and those of the songwriters it represents.

37. As a direct and proximate result of Pandora's willful and infringing uses of the Musical Compositions, Plaintiff is entitled to damages and to Pandora's

profits in amounts to be proven at trial, and which are not currently ascertainable. Alternatively, Plaintiff is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

38. Plaintiff is further entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

39. As a result of Pandora's acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined by this Court, Pandora will continue to infringe Plaintiff's rights in the lyrics for the Musical Compositions. Plaintiff is entitled to permanent injunctive relief to restrain and enjoin Pandora's continuing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Pandora, as follows:

1. A permanent injunction enjoining Pandora and its respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with Pandora or at its direction from directly or indirectly infringing in any manner any right in any and all musical compositions (or portions thereof), whether now in existence or later created, in which Plaintiff (including its parents, subsidiaries, affiliates, writers, publishers and co-publishers or distributed labels) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, displaying, purporting to license, or otherwise exploiting

in any manner any of the lyrics to Plaintiff's compositions, including but not limited to the Musical Compositions;

2. An award of damages in such amount as may be determined at trial, including actual damages, inclusive of the injury to the market value of the copyright in the Musical Compositions, and the profits of Pandora; in the alternative, the maximum amount of statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

3. Attorneys' fees and costs pursuant to 17 U.S.C. § 505 and under other applicable law;

4. Pre- and post-judgment interest to the extent allowable; and

5. Such other and further relief that the Court may deem just and proper.

DATED: June 17, 2019

DAVID A. STEINBERG
GABRIELLA A. NOURAFCHAN
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ David A. Steinberg
David A. Steinberg
Attorneys for Plaintiff
Wixen Music Publishing, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all matters and issues so triable.

DATED: June 17, 2019

DAVID A. STEINBERG
GABRIELLA A. NOURAFCHAN
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ David A. Steinberg
David A. Steinberg
Attorneys for Plaintiff
Wixen Music Publishing, Inc.