UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-05278-SVW-JC | | Date | July 7, 2020 |
|---|---|---|---|---|
| Title | *Wixen Music Publishing, Inc. v. Pandora Media, Inc. et al* | | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**    ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [33]

Defendants moved to dismiss Plaintiff's First Amended Complaint ("FAC") on January 8, 2020. Dkt. 33. Before the Court could hold argument on the motion, the parties stipulated to a settlement in principle, requesting the case be placed on the inactive calendar. The Court granted the stipulation and has been receiving monthly status reports since the end of February 2020. The latest settlement report was filed on July 1, 2020. Having been engaged in settlement talks for nearly six months, the Court finds further delay will not "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court therefore GRANTS Defendants' previously submitted motion to dismiss.

I.    **Motion to Dismiss**

Defendants have challenged Plaintiff's standing to bring this copyright infringement action. Defendants contend: 1) Plaintiff has not alleged the requisite ownership interest to bring a copyright claim for challenged pre-1978 compositions, 2) Plaintiff has not alleged an ownership interest in post-1978 compositions for which it is not an exclusive licensee, and 3) Plaintiff has not alleged it is an exclusive licensee for post-1978 compositions for which it does not have an ownership interest. The Court has considered the parties' motions.

Under the United States Copyright Code, only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."  17 U.S.C. § 501(b). Plaintiff relies on the following

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-05278-SVW-JC | Date | July 7, 2020 |
|---|---|---|---|
| Title | *Wixen Music Publishing, Inc. v. Pandora Media, Inc. et al* | | |

language in its complaint to demonstrate that it has properly alleged standing: "Plaintiff's exclusive administration rights are explicitly and irrevocably coupled with *an interest in and to the musical compositions* that it administers." Dkt. 26 at 8 (emphasis added). However, Plaintiff's complaint also states, "Plaintiff administers more than 75,000 songs *written and/or owned by its more than 2,000 clients*, including songs by some of the most popular and acclaimed musical artists of the last 100 years." *Id.* at 7 (emphasis added). On a motion to dismiss, the Court must be able to "plausibly infer" standing from the complaint. *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1167–68 (9th Cir. 2013).

At this time, the Court is unable to plausibly infer Plaintiff's standing from the complaint. The complaint seems to allege that Wixen is an administer of copyrights owned by its clients, without an allegation of any ownership by Wixen. Although Plaintiff maintains that it can easily allege standing with a simple modification of the pleading, requiring an allegation of ownership is not a mere matter of form in this case. Under United States copyright law, Plaintiff needs to assert the factual basis for its belief it has an ownership interest in the challenged composition. *See* 17 U.S.C. § 501(b).

II.      **Conclusion**

The Court recognizes that, of the roughly 2,400 compositions alleged, there are approximately 700 for which Wixen claims to be (at least) an exclusive licensee, which would confer standing without an allegation of ownership (if the composition was created post-1978). Grants of exclusive licenses must be in writing. *Signorelli v. N. Coast Brewing Co. Inc.,* No. 5:18-CV-02914-EJD, 2018 WL 5310807, at *2 (N.D. Cal. Oct. 25, 2018) (citing 17 U.S.C. § 204). Although Plaintiff has alleged it is an exclusive licensee of some of the contested compositions, the defects mentioned above create significant infirmities in the FAC. In the interest of judicial efficiency, the Court dismisses the entire complaint without prejudice so that Plaintiff's allegations of standing may be amended and considered as an undivided cause of action. Plaintiff is given 14 days to amend its complaint to remedy the defects the Court has identified. Failure to amend in accordance with this Order may result in dismissal with prejudice.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |